IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CHRISTIAN MURAGE,<br>  PLAINTIFF<br>V.<br><br>NAVY FEDERAL CREDIT UNION AND TRANSUNION<br>  DEFENDANTS | CASE NO: 4:25-CV-1398-RWS |

DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the court's docket under Fed. R. Civ. P. 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1.   **Disclosures.** Except as provided by paragraph 1(j), within thirty (30) days after the Scheduling Conference, each party shall disclose to every other party the following information:

   (a)   the correct names of the parties to the lawsuit;

   (b)   the name, address, and telephone number of any potential parties;

   (c)   the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

   (d)   the name, address, and telephone number of persons having knowledge of

Christian Murage vs. Navy Federal Credit Union and TransUnion – Discovery Control Order

1 of 10

        relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

  (e)    any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)    any settlement agreements relevant to the subject matter of this action;

(g)    any witness statements described in Tex. R. Civ. P. 192.3(h);

(h)    in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(i)    in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the disclosing party by virtue of an authorization furnished by the requesting party; and

(j)    for any testifying expert, by the date set by the court in the Docket Control Order, each party shall disclose to the other party or parties:

    a.    the expert's name, address, and telephone number;

    b.    the subject matter on which the expert will testify;

    c.    if the witness is retained or specially employed to provide expert

Christian Murage vs. Navy Federal Credit Union and TransUnion – Discovery Control Order

2 of 10

        testimony in the case or whose duties as an employee of the disclosing party regularly involve giving expert testimony:

           1. all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, except to the extent protected by Fed. R. Civ. P. 26(b)(4); and

           2. the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule CV-26.

    d. for all other experts, the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or documents reflecting such information; and

    e. Any party shall be excused from furnishing an expert report of treating physicians.

2. **Protective Orders.** The parties agree to a protective order for the Plaintiff's confidential credit and identification information as well as documents that Defendants regard as requiring confidentiality owing to business methods.

Trans Union believes there may be a need for discovery in this case to be governed by a protective order. If the parties agree concerning the need for, and scope and form of, such a protective order, Plaintiff and Trans Union will confer and then submit a jointly proposed protective order to the Court at such time. If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party seeking such an order shall file an appropriate motion and supporting memorandum.

The parties are not seeking documents or information protected by privilege or otherwise

Christian Murage vs. Navy Federal Credit Union and TransUnion – Discovery Control Order

3 of 10

exempted from discovery under the Federal Rules of Civil Procedure or other laws.

3. **Additional Disclosures.** Each party, within forty-five (45) days after the Scheduling Conference, shall provide to every other party the following:

(a) a copy of all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials;

(b) a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(c) those documents and authorizations described in Local Rule CV-34;

(d) ESI Production:

The parties do not anticipate any ESI preservation issues. The defendants do not believe that this case is suitable for discovery of electronically stored information in

Christian Murage vs. Navy Federal Credit Union and TransUnion – Discovery Control Order

4 of 10

native format, but state that production of any relevant electronically stored information in hard copy or electronic format (PDF or other similar means) has been sufficient in prior similar FCRA cases. Plaintiffs request that ESI be preserved in native format but are not requesting that it be so provided with initial disclosures.

Based on the nature of this case, the defendants believe that producing ESI in a reasonably usable format (e.g., hard copy or .pdf) is appropriate and proportional to the needs of the case. Once the parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the parties believe is necessary. The parties further agree that, should the need arise for native-format ESI, they will work together in a good faith attempt to resolve any disagreement about ESI without the need for judicial intervention, to the extent practicable.

4. **Discovery Limitations.** Discovery is limited to the disclosures described in Paragraphs 1 and 3 together with **25 interrogatories, 25 requests for admissions,** the depositions of the parties, depositions on written questions of custodians of business records for third parties, depositions of treating physicians, **two (2) expert witnesses per side,** and ten (10) additional hours of nonparty depositions per side. "Side" means a party or a group of parties with a common interest. Any party may move to modify these limitations for good cause.

Defendants propose that each party be limited to serving 50 Requests for Admissions and 50 Requests for Production of Documents on any other party.

5. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning

Christian Murage vs. Navy Federal Credit Union and TransUnion – Discovery Control Order

5 of 10

privileged documents or information after the Scheduling Conference. Within sixty (60) days after the Scheduling Conference, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the court of that fact within sixty (60) days after the Scheduling Conference.

  The parties agree that following service of any interrogatory response or document production form which some or all information or documents are withheld on the basis of privilege, the parties will confer on the scope of the interrogatories and/or requests for production, the need to limit the scope of same, and any need for privilege logs.

  The parties agree that pursuant to Rules 5(b)(2)(E) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email. The format to be used for attachments to any email message shall be Microsoft

Christian Murage vs. Navy Federal Credit Union and TransUnion – Discovery Control Order

6 of 10

Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

6. **Pre-trial disclosures.** Each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:

   (a) The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

   (b) The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

   (c) An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

   These disclosures shall be made at least 30 days before trial. Within 14 days thereafter, unless a different time is specified by the court, a party may serve and file a list disclosing

   (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B) and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under

Christian Murage vs. Navy Federal Credit Union and TransUnion – Discovery Control Order

7 of 10

subparagraph (C). Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

7. **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5. The parties shall promptly file a notice with the court that the disclosures required undir this order have taken place.

8. **Duty to Supplement**. After disclosure is made pursuant to this order, each party Is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Disputes.**

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures may, after the deadline for making disclosures, serve upon a party required to make disclosures a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures believes that the disclosures are insufficient. The written statement shall list, by category, the items the party entitled to receive disclosures contends

Christian Murage vs. Navy Federal Credit Union and TransUnion – Discovery Control Order

8 of 10

should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the party required to make disclosures shall, within fourteen (14) days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The party entitled to receive disclosures may thereafter file a motion to compel.

(b) In addition to the requirements of Local Rule CV-7(h) and (i), within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention. Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than 2 pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(c) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

Christian Murage vs. Navy Federal Credit Union and TransUnion – Discovery Control Order

9 of 10

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

**So ORDERED and SIGNED this 5th day of March, 2026.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

Christian Murage vs. Navy Federal Credit Union and TransUnion – Discovery Control Order

10 of 10