**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

CHRISTIAN MURAGE,                          §
                                           §
                Plaintiff,                  §
                                           §
v.                                         §
                                           §    Case No. 4:25-cv-01398-RWS
NAVY FEDERAL CREDIT UNION                   §
and TRANSUNION,                            §
                                           §
                Defendants.                 §
                                           §

**PROTECTIVE ORDER**

The Court issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure.  Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the court finds that:

1.      Documents or information containing confidential proprietary and business information  and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2.      The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3.      Counsel for the party receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such  Confidential Information;

andTo protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1.      Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents."  Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

2.      Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that were submitted to any governmental entity without request for confidential treatment.

3.      At any time after the delivery of Protected Documents, counsel for the party receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents.  If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents.  Thereafter, the party disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute.  The party producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment.  If the party producing the Protected Documents does not timely file a motion for protective order, then the Protected Documents in dispute shall no longer

be subject to confidential treatment as provided in this Order.  All Protected Documents are entitled to confidential treatment pursuant to the  terms of this Order until and unless the parties formally agree in writing to the contrary, a  party fails to timely move for a protective order, or a contrary determination is made by  the Court as to whether all or a portion of a Protected Document is entitled to confidential  treatment.

4.    Confidential Treatment.    Protected Documents  and  any  information  contained therein  shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

5.    Protected Documents and any information contained therein shall be disclosed only to the  following persons ("Qualified Persons"):

(a)    Counsel of record in this action for the party or party receiving Protected Documents or any information contained therein;

(b)    Employees  of  such  counsel  (including/excluding  experts  and  investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action; and

(c)    The Court.

Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

6.    Counsel of record for the party receiving Protected Documents may create an index of the Protected Documents and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party disclosing or producing the Protected Documents.  The index may only identify the document, date, author, and general subject matter of any Protected Document,  but may not reveal the substance of any such document.  Counsel for the party receiving Protected Documents shall maintain a current log of the names and addresses of persons to whom the index was furnished.

7.      The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

8.      To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and trial testimony referring to the Protected Documents or information therein.

9.      Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

10.     Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

11.     The party receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information therein.

12.     After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

13.     Upon termination of this action by dismissal, judgment, or settlement, counsel for the  party receiving Protected Documents shall return the Protected Documents to the counsel for

the party disclosing or producing the Protected Documents. The party receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

14.     This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

15.     The Court anticipates and encourages the parties to file a motion to modify the terms hereof with respect to the sharing of Protected Documents with experts and consultants; shifting the cost burden of production equitably; and other terms that may be reasonably required to protect a party as provided in Federal Rule of Civil Procedure 26(b) or (c).

16.     Non-Use of Artificial Intelligence. Protected Documents covered by this Order shall not be submitted to any open AI tool, website, or large language model (for example, ChatGPT or Claude).

**So ORDERED and SIGNED this 30th day of July, 2026.**


Robert W Schroeder III
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE