UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CHRISTIAN MURAGE,<br>*PLAINTIFF*<br>V.<br><br>NAVY FEDERAL CREDIT UNION AND TRANSUNION<br>*DEFENDANTS* | CASE NO: 4:25-CV-01398-RWS |

# PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Christian Murage files this Motion for Leave to File First Amended Complaint. This Motion is based upon the memorandum of points and authorities here and the pleadings in this action. Plaintiff would respectfully demonstrate the following to this court:

## I. FACTUAL BACKGROUND

1. Plaintiff's Original Complaint was filed on December 16, 2025. There have been no amendments to the proposed complaint.

2. Defendant Trans Union filed a Motion for Judgment on the Pleadings on September 10, 2026. As per its name, this motion was based entirely on the allegations of the pleadings, even when Defendant had more detailed information on those allegations in their custody and command before the Original Complaint was filed months prior

3. The Docket Control Order in this case lists November 10, 2026 as the deadline to Respond to Amended Pleadings. Plaintiff is filing this motion requesting leave to file his First Amended Complaint forty-nine days before the deadline

to respond to amended pleadings.

4. Defendant Trans Union has sought to stay this case pending the Court's ruling on its Motion for Judgment on the Pleadings, which may delay this case should it be granted.

5. **Certificate of conference** -- Plaintiff's counsel sought consent from Defendants' counsel for the filing of this, his First Amended Complaint. Defendant Trans Union did not consent.

6. The proposed amendment clarifies and adds known detail to the factual allegations concerning Plaintiff's disputes. It does not unduly delay the case or unfairly prejudice Defendants.

7. The proposed amended complaint adds no new parties, no new causes of action, and no new facts.

8. The Original Complaint alleged that Plaintiff had sent a written dispute to Trans Union but the language of the dispute was not provided. Plaintiff seeks to amend his Original Complaint to include the language of the dispute letter to add detail and clarity to the Original Complaint.

## II. LEGAL ARGMENT

9. Federal Rule of Civil Procedure 5(a)(2) provides that while a party may amend pleadings only with the court's leave or opposing party's written consent, the "court should freely give leave when justice so requires."

10. The seminal case interpreting Rule 15(a)'s "freely given" mandate is *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court held that Rule 15(a)'s directive must be heeded, and that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits" *Id*.at 182. The Court identified the limited grounds upon which denial of leave to amend is justified: undue delay, bad faith, repeated failure to cure despite multiple amendments, undue prejudice to the opposing party, or futility of amendment *Id.* at 182. The Court held that denying leave to amend without reason was "inconsistent with the spirit of the Federal Rules" *Id*. at 182.

*11.* Each of the Foman factors weighs in favor of granting leave here:

A. Undue Delay: The motion is being filed in response to the defendant's motion for judgment on the pleadings, which is a recognized and timely juncture at which to seek amendment. In *Casper v. West*, an Eastern District of Texas court noted that the delay must be *undue*, it must create a burden or prejudice Defendants, such as forcing additional discovery in order to prepare a defense for a new or different cause of action. *Casper v. West*, Civil Action No. 4:23-cv-42, 2025 U.S. Dist. LEXIS 27957, at *55 (E.D. Tex. Feb. 18, 2025). Here, there are no new causes of action and the only new facts are simply more detail on the facts previously provided.

B. Bad faith: the amendment merely provides additional descriptive detail regarding letters already in defendants' possession and already discussed in the Original complaint. This is a narrowly tailored amendment and there is no basis to infer bad faith.

C. Repeated failure to cure deficiencies: This will be Plaintiff's first amendment to the Original Complaint. The Fifth Circuit in *SGIC Strategic Global Inv. Capital, Inc. v. Burger Kin'\g Eur. GmbH*, 839 F.3d 422, 428 emphasized that a district t6fzcourt abuses its discretion when it denies a timely first motion for leave to amend without adequate justification in the record. *Id* at 428-29.

D. Undue Prejudice to Defendants: Because the amendment only provides the content of letters already in the defendants' possession, the defendants cannot credibly claim surprise or prejudice. The Fifth Circuit has consistently held that amendment should be permitted absent a showing of undue prejudice *Bamm, Inc. v. GAF Corp*., 651 F.2d 389, 391. In *Bamm*, the court found no undue prejudice where the defendant had access to the relevant information *Id.* at 391.

E. Futility: The amendment is only adding information concerning facts already in the Original complaint. Without any new causes of action and no causes of action already denied, a futility argument makes little sense.

12. The law seems clear that denial of leave to amend in this situation would be improper. Plaintiff's request to amend meets none of the *Forman* factors which would argue towards denial. Leave to amend should be granted so that Plaintiff can fully present his allegations and Defendants have the opportunity to defend against them.

## III. PRAYER

WHEREFORE, Plaintiff Christian Murage respectfully requests that the Court grant this Motion and permit Plaintiff to file his First Amended Complaint, together with all other relief to which Plaintiff may be entitled.

Respectfully submitted,

Amy Beth Clark, TX Bar No. 24043761
amy@cimentlawfirm.com
Ciment Law Firm, PLLC
221 Bella Katy, Dr.
Katy, Texas 77494
Ph: 210-294-9273
cpfiling@cimentlawfirm.com

Daniel Ciment, TX Bar No. 24042581
daniel@cimentlawfirm.com
Ciment Law Firm, PLLC
4500 Mercantile Plaza Drive, Ste. 300
Fort Worth, TX 76137
Ph: 833-663-3289

Attorneys for Plaintiff, Christian Murage

**CERTIFICATE OF CONFERENCE**

I certify that counsel for Plaintiff conferred with counsel for Defendant Trans Union, LLC and Defendant Navy Federal Credit Union regarding the relief requested in this Motion.

Defendant Trans Union, LLC does not agree to the Motion.

**/s/ Amy Beth Clark**
**Amy Beth Clark**

**CERTIFICATE OF SERVICE**

I certify that on September 22, 2026, a true and correct copy of the foregoing was served on all counsel of record through the Court's CM/ECF system.

**/s/ Amy Beth Clark**
**Amy Beth Clark**