**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| CHRISTIAN MURAGE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-01398-RWS |
| | § | |
| NAVY FEDERAL CREDIT UNION and TRANSUNION, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT TRANS UNION LLC'S**
**MOTION TO STAY ACTION PENDING RULING ON ITS**
**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Trans Union LLC ("Trans Union"), through undersigned counsel, hereby files its Motion to Stay Action Pending Ruling on Trans Union LLC's Motion to Dismiss Plaintiff's First Amended Complaint. This Motion to Stay is based upon the memorandum of points and authorities set forth herein and the pleadings in this action. Trans Union would respectfully show this Court the following:

## I. FACTUAL BACKGROUND

Plaintiff Christian Murage ("Plaintiff") filed his First Amended Complaint in this Court on September 22, 2026. ECF No. 33. Plaintiff alleges violations of 15 U.S.C §§ 1681i,1681e(b) 1681g and 1681b(a) of the Fair Credit Reporting Act ("FCRA"). *Id.* On October 5, 2026, Defendant Trans Union filed its Motion to Dismiss Plaintiff's First Amended Complaint and Memorandum in Support (the "Motion to Dismiss"). *See generally* ECF No. 37. Plaintiff has not yet filed a Response in opposition to Trans Union's Motion.

## II. LEGAL STANDARD

It is well settled that courts have the authority to stay proceedings to manage their docket based on the particular facts of a case. *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 355 F.

Supp. 2d 848, 852–53 (N.D. Tex. 2005). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its dockets with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Courts across the Fifth Circuit have frequently issued stays in cases where dispositive motions are pending. *See, e.g.*, *Conquest v. Camber Corp.*, No. 5:13-cv-1108-DAE, 2014 WL 172500, at *2 (W.D. Tex. Jan. 13, 2014); *Von Drake v. Nat'l Broad. Co., Inc.*, No. 3-04-CV0652-R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (staying discovery "may be appropriate where the disposition of a motion to dismiss 'might preclude the need for discovery altogether thus saving time and expense'") (quoting *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990)).

## III. <u>ARGUMENT AND AUTHORITIES</u>

### A. The Motion to Dismiss is Likely to Dispose of All of Plaintiff's Claims against Trans Union.

As discussed more thoroughly in the Motion to Dismiss, Plaintiff has failed to identify any actionable claim against Trans Union. *See generally* ECF No. 37. Consequently, because there is a strong likelihood the pending motion will dispose of all of Plaintiff's claims against Trans Union, the Court should stay all remaining deadlines in the case, including discovery. Applied here, Plaintiff's claims against Trans Union are without merit because he has failed to allege an inaccuracy, an essential element to both his §§ 1681 e(b) and 1681i claims and has failed to allege *any* facts which could make his §§ 1681b(a) and 1681g claims plausible on their face. *See generally* ECF No. 33.

First, Plaintiff's First Amended Complaint generally alleges that Trans Union reported the Navy Federal Credit Union ("NFCU") account inaccurately because it was opened as the result of identity theft and he should not be liable for the debt. *See generally* ECF No. 33. However, as detailed in the Motion to Dismiss, the NFCU account at issue involves an unadjudicated legal

dispute between Plaintiff and NFCU that Trans Union is not qualified or required to resolve. As the Fifth Circuit has instructed, "the alleged inaccuracy reported by the consumer reporting agency must first be 'sufficiently objectively verifiable' to be actionable under the FCRA. … We … join the other circuits in holding that consumer reporting agencies are not required to investigate the legal validity of disputed debts under the FCRA." *Reyes v. Equifax Info. Servs*., LLC, 140 F.4th 279, 288-289 (5th Cir. 2025). Claims of fraud are not objectively and readily verifiable and consumer reporting agencies have no obligation to sift through fraud schemes to make such determination. *Rozov v. Bank of Am*., N.A., No. 24-13034, 2025 WL 1620921, at *3 (11th Cir. June 9, 2025). Accordingly, Plaintiff's §§ 1681 e(b) and 1681i claims should be dismissed with prejudice.

Additionally, Plaintiff's assertions that Trans Union violated §§ 1681b(a) and 1681g will also likely be dismissed as Plaintiff failed to allege *even one* fact in support of such allegations. *See generally* ECF No. 33. Solely pleading that Trans Union violated these sections of the FCRA does not hold up under the plausibility standard of *Iqbal* and *Twombly*. *See Guidry v. Am. Public Life Ins., Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Simply put, the Court should stay this action until it rules on Trans Union's Motion to Dismiss, which may dispose of all of Plaintiff's claims against Trans Union in their entirety, and thus prevent the Court and Parties from expending the precious time and resources needed to comply with the remaining deadlines contained in the Scheduling Order. *See* ECF No. 19.

**B. Staying the Remaining Deadlines is Aligned with the Administration of Judicial Economy.**

"The proponent of a stay bears the burden of establishing its need." *United States v. 0.2853 Acres of Land*, No. 3:16-CV-2814-S-BK, 2023 WL 11813320, at *1 (N.D. Tex. Oct. 26, 2023) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). Courts consider the following factors in deciding a motion to stay: "(1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Fund Texas Choice v. Deski*, No. 1:22-CV-859-RP, 2024 WL 3223685, at *2 (W.D. Tex. May 1, 2024) (citation omitted). "When exercising its discretion, the Court is 'guided by the policies of justice and efficiency.'" *Id.* (citation omitted).

Here, Trans Union's Motion to Dismiss is pending and likely to be granted based on Fifth Circuit precedent. The remaining deadlines under the Scheduling Order are as follows:

| | |
|---|---|
| October 13, 2026 | Discovery cutoff |
| October 27, 2026 | Deadline to Amend Pleadings and Designate Trial Witnesses |
| November 3, 2026 | Deadline to Identify Rebuttal Trial Witnesses |
| November 10, 2026 | Remaining Dispositive Motions Deadline;<br>Deadline to Respond to Amended Pleadings |
| November 24, 2026 | Exchange Pre-Trial Disclosures;<br>Deposition Designations Deadline |
| December 8, 2026 | Exchange Rebuttal Designations and Objections to Deposition Testimony; Deadline for Notice of Requests for Daily Transcripts or Real Time Reporting of Court Proceedings |
| December 15, 2026 | Exchange Objections to Rebuttal Deposition Testimony |
| December 22, 2026 | Deadline to File Joint Final Pre-Trial Order, Joint Proposed Jury Instructions, Form of the Verdict for Jury Trials, Motions in Limine and Pre-Trial Objections |

| | |
|---|---|
| December 29, 2026 | Deadline to File Responses to Motions in Limine and Notice of Time Requested for Voir Dire, Opening Statements, Direct Cross Examination and Closing Arguments |
| January 5, 2027 | Pre-Trial Conference |
| January 11, 2027 | Jury Selection and Jury Trial |

*See* ECF No. 19.

This Court should grant Trans Union's Motion and stay the remaining deadlines because there are less than 45 days remaining until the dispositive motions deadline; Defendant Navy Federal Credit Union does not oppose Trans Union's Motion and will not be prejudiced by staying the remaining deadlines; Plaintiff is opposed but will also not be prejudiced by staying the remaining deadlines; Trans Union will endure hardship and inequity if the Motion is not granted because it will not be able to adequately and timely prepare its prospective motion for summary judgment—in the unlikely event its Motion to Dismiss is not granted; and staying the remaining deadlines will allow the Court sufficient time to fully evaluate Trans Union's pending Motion to Dismiss before the Parties must begin their respective Motions for Summary Judgement and preparing for trial. If the Court stays the remaining deadlines, Trans Union will work with counsel for Plaintiff and Defendant NFCU on a proposed amended scheduling order should Trans Union's Motion to Dismiss be denied.

The Court should stay all remaining deadline in the case, including discovery, pending resolution of Trans Union's Motion to Dismiss in the interest of judicial economy. In this case, not only is continued discovery irrelevant to the merits of the Motion to Dismiss, but it would result in the unnecessary expense associated with additional depositions, potential discovery motions,

additional dispositive motions and trial preparations. To conserve resources, discovery should be stayed pending resolution of Trans Union's Motion to Dismiss.

## IV. CONCLUSION

Therefore, Trans Union respectfully requests the Court stay this case, in its entirety, pending ruling on Defendant Trans Union's Motion to Dismiss Plaintiff's First Amended Complaint.

Dated: October 6, 2026.

Respectfully submitted,

*/s/ Amanda Loughmiller*
Amanda Loughmiller
Texas Bar No. 24028042
aloughmiller@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas 75024
Telephone: (214) 560-5453
Fax: (214) 871-2111
***Counsel for Trans Union LLC***

## CERTIFICATE OF CONFERENCE

Pursuant to LR CV-7(h), the undersigned attorney hereby certifies that on October 5, 2026, she conferred with counsel for Plaintiff and counsel for Navy Federal Credit Union, via email, regarding the relief requested in this Motion. Plaintiff is opposed to the relief sought herein. Navy Federal Credit Union is unopposed to the relief sought herein.

*/s/ Amanda Loughmiller*
**AMANDA LOUGHMILLER**

**CERTIFICATE OF SERVICE**

I hereby certify that on the October 6, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Daniel J. Ciment
daniel@cimentlawfirm.com
Ciment Law Firm, PLLC
4500 Mercantile Plaza Dr., Suite 300
Fort Worth, TX 76137
*and*
Amy Beth Clark
amy@cimentlawfirm.com
Ciment Law Firm, PLLC
221 Bella Katy, Dr.
Katy, Texas 77494
***Counsel for Plaintiff***

Kimberly A. Lopez
Primary: klopez@bakerdonelson.com
Secondary: swohl@bakerdonelson.com
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
200 S. Orange Avenue, Suite 2050
Orlando, FL 32801
*and*
Amy E. Parette
aparette@bakerdonelson.com
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
1301 McKinney Street, Suite 3700
Houston, Texas 77010
***Counsel for Navy Federal Credit Union***

*/s/ Amanda Loughmiller*
**AMANDA LOUGHMILLER**