**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **CHRISTIAN MURAGE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-cv-01398-RWS** |
| | § | |
| **NAVY FEDERAL CREDIT UNION and TRANS UNION, LLC,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT NAVY FEDERAL CREDIT UNION'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Navy Federal Credit Union ("Navy Federal" or "Defendant") files its original answer and affirmative and other defenses in response to Plaintiff Christian Murage's ("Murage" or "Plaintiff") First Amended Complaint (the "Complaint").

## I. ANSWER

### PRELIMINARY STATEMENT

1. Admitted only that Plaintiff purports to bring a claim pursuant to the Fair Credit Reporting Act. All other allegations of Paragraph 1 of the Complaint are denied.

### JURISDICTION

2. Navy Federal admits this Court has jurisdiction as asserted in Paragraph 2 of the Complaint.

3. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, it denies the allegations in Paragraph 3 of the Complaint.

4. Navy Federal admits it is a furnisher of information within the meaning of FRCA but denies all remaining allegations of Paragraph 4 of the Complaint.

5. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 5 of the Complaint.

6. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 6 of the Complaint.

## STATEMENT OF FACTS

7. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 7 of the Complaint.

8. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 8 of the Complaint.

9. Navy Federal admits Plaintiff contacted Navy Federal. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the remaining matters asserted; therefore, denies the remaining allegations of Paragraph 9 of the Complaint.

10. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 10 of the Complaint.

11. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 11 of the Complaint.

12. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 12 of the Complaint.

13. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 13 of the Complaint.

14. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 14 of the Complaint.

15. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 15 of the Complaint.

16. Navy Federal denies the allegations of Paragraph 16 of the Complaint.

17. Navy Federal admits it received a lease but denies the remaining allegations of Paragraph 17 of the Complaint.

18. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 18 of the Complaint.

19. Navy Federal denies the allegations of Paragraph 19 of the Complaint.

20. Navy Federal denies the allegations of Paragraph 20 of the Complaint.

21. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 21 of the Complaint.

22. Navy Federal denies the allegations of Paragraph 22 of the Complaint.

23. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 23 of the Complaint.

24. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 24 of the Complaint.

25. Navy Federal denies the allegations of Paragraph 25 of the Complaint.

26. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 26 of the Complaint.

27. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 27 of the Complaint.

28. Navy Federal denies the allegations of Paragraph 28 of the Complaint.

29. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 29 of the Complaint.

30. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 30 of the Complaint.

31. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 31 of the Complaint.

32. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 32 of the Complaint.

33. Navy Federal denies allegations that it continued to verify the account, as alleged. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the remaining matters asserted; therefore, denies the allegation of Paragraph 33 of the Complaint.

34. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 34 of the Complaint.

35. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 35 of the Complaint.

**COUNT I**
**NEGLIGENT NONCOMPLIANCE WITH FCRA**
**(against Defendant TransUnion)**

35. Navy Federal realleges and incorporates its responses to Paragraphs 1-34 above as if fully set forth herein.[1]

36. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 36 of the Complaint.

---

[1] Plaintiff misnumbered Paragraph 36 as Paragraph 35. Navy Federal has followed Plaintiff's numbering for ease of reference.

37. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 37 of the Complaint.

38. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 38of the Complaint.

39. The allegations of Paragraph 40 are not directed at Navy Federal; therefore no response is required.

**COUNT II**
**WILLFUL NONCOMPLIANCE WITH FCRA**
**(against Defendant TransUnion)**

40. Navy Federal realleges and incorporates its responses to paragraphs 1-34 as if fully set forth herein.

41. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 41 of the Complaint.

42. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 42 of the Complaint.

43. Navy Federal is without sufficient knowledge or information to form a belief as to the truth of the matters asserted; therefore, denies the allegation of Paragraph 43 of the Complaint.

44. The allegations of Paragraph 44 are not directed at Navy Federal; therefore, no response is required.

**CLAIM III**
**NEGLIGENT NONCOMPLIANCE WITH FCRA**
**(against Navy Federal Credit Union)**

45. Navy Federal realleges and incorporates its responses to paragraphs 1-34 as if fully set forth herein.

46. Navy Federal denies the allegations alleged in Paragraph 46 of the Complaint.

47. Navy Federal denies the allegations of Paragraph 47 of the Complaint.

48. Navy Federal admits Plaintiff requests attorneys' fees as alleged in Paragraph 48 of the Complaint, but denies Plaintiff is entitled to same.

**CLAIM IV**
**WILLFUL NONCOMPLIANCE WITH FCRA**
**(against Navy Federal Credit Union)**

49. Navy Federal realleges and incorporates its responses to paragraphs 1-34 as if fully set forth herein.

50. Navy Federal denies the allegations of Paragraph 50 of the Complaint.

51. Navy Federal denies the allegations of Paragraph 51 of the Complaint.

52. Navy Federal admits Plaintiff requests attorneys' fees as alleged in Paragraph 52 of the Complaint, but denies Plaintiff is entitled to same.

## II. AFFIRMATIVE AND OTHER DEFENSES

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a FCRA Claim)**

Plaintiff fails to state a claim upon which relief can be granted because Plaintiff failed to adequately allege sufficient facts supporting his conclusory allegations that he met all conditions precedent to FCRA liability or suffered actual damages.

**SECOND AFFIRMATIVE DEFENSE**
**(Failure to Comply with Conditions Precedent)**

Plaintiff failed to comply with all conditions precedent as set forth in 15 U.S.C. § 1681s-2(b).

**THIRD AFFIRMATIVE DEFENSE**
**(Not Knowing or Willful)**

Plaintiff is precluded from recovery because any allegations that Navy Federal violated FCRA—which Navy Federal denies—were neither knowingly nor willful.

**FOURTH AFFIRMATIVE DEFENSE**
**(No Claim for Punitive Damages)**

Plaintiff prays for punitive damages in the "WHEREFORE" clause of the Complaint. Yet, Plaintiff fails to adequately plead, demonstrate, or prove that Navy Federal acted with malicious intent, wantonly, with intentional misconduct, or gross negligence to give rise to a claim for punitive damages.

Navy Federal denies that it willfully or knowingly violated FCRA or that it acted with any intent or knowledge to cause Plaintiff any injuries or losses. Plaintiff fails to plead facts, as opposed to legal conclusions, that Navy Federal engaged in a malicious act intended to cause her harm.

**FIFTH AFFIRMATIVE DEFENSE**
**(Reasonable Policies and Procedures)**

Navy Federal maintained reasonable policies and procedures at the time of Plaintiff's alleged credit issues and complied with FCRA. Navy Federal is, therefore, not liable for any alleged violations.

**SIXTH AFFIRMATIVE DEFENSE**
**(No Intent/Bona Fide Error)**

Plaintiff cannot establish a violation because the conduct allegedly giving rise to a violation, if any such violation indeed occurred, was unintentional and not willful or knowing. Any violation, if one occurred, was the result of a bona fide error that occurred in spite of established procedures reasonably adapted to avoid such errors under the FCRA.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Good Faith)**

Plaintiff's claims are barred because the acts or omissions for which Plaintiff complains have been approved, implicitly or expressly, by applicable statutes. Further, Plaintiff is not entitled to any recovery any alleged acts or omissions were made by Navy Federal in good faith in conformity with and reliance on applicable administrative regulations, orders, rulings, approvals, or interpretations, or administrative practice or enforcement policies.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Compliance with Law)**

Navy Federal has, with respect to Plaintiff, complied with all applicable federal and state laws, statutes, and regulations and has committed no violations thereof.

**NINTH AFFIRMATIVE DEFENSE**
**(No Injury or Damages)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no actual injury or damages from the alleged conduct in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**
**(No Causation or Damages)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not been damaged by Navy Federal's alleged actions. Even if Plaintiff were damaged, Navy Federal denies that Plaintiff was damaged and any damage that Plaintiff may have suffered was the direct and proximate result of her own conduct. Thus, Plaintiff is estopped and barred from recovery of any damages from Navy Federal.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

Navy Federal denies that Plaintiff was damaged, and Plaintiff's claims are barred because

of Plaintiffs failures to mitigate any injury or damages.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Setoff)**

Any recovery by Plaintiff must be reduced by any amounts recovered from any other defendant or third party, or any amounts to avoid double recovery.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(No Vicarious Liability)**

Navy Federal is not vicariously liable for any acts of misconduct, if any occurred, that Plaintiff attributes to any third party, named defendant, or unnamed party.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Intervening Acts)**

Plaintiff is barred from recovery in that any damage sustained by Plaintiff was the result of the independent, intervening, negligent, unlawful conduct, or omissions of independent third parties or their agents, persons, or entities, and not any act or omission on the behalf or part of Navy Federal.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Comparative Fault)**

To the extent Navy Federal is found liable, Navy Federal avers others were also at fault including, but not limited to, Plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Apportionment)**

If Navy Federal is found to be legally responsible in any manner, then it alleges that its legal responsibilities are not the sole and proximate cause of the injuries, and the damages awarded—if any—are to be apportioned in accordance with fault and legal responsibility of all

non-defendant parties, persons, and entities, including Plaintiff, who contributed to and caused such damages, according to proof presented at the time of trial.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Waiver and Estoppel)**

Plaintiffs Complaint is barred, in whole or in part, by the doctrines of waiver and estoppel.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

To the extent that Plaintiff's claims were brought outside of the applicable statute of limitations, Plaintiff's claims are time barred.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Bad Faith)**

Navy Federal affirmatively pleads that it is entitled to attorneys' fees in the event that the Court determines that the Plaintiff has filed an unsuccessful pleading, motion, or other paper in bad faith or for the purposes of harassment, as provided for under 15 U.S.C. § 1681n(c) of the FCRA.

## III. PRAYER

WHEREFORE, having answered Plaintiff's Complaint and asserted its affirmative defenses, Navy Federal Credit Union respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, award Navy Federal its reasonable attorneys' fees and costs, and grant Navy Federal any additional relief this Court deems just and proper.

Respectfully submitted,

By: */s/ Amy E. Parette*

**Amy E. Parette**
Texas Bar No. 24121044
Federal ID No. 3708963
Email: aparette@bakerdonelson.com

**Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.**
1301 McKinney St., Suite 3700
Houston, Texas 77010
Phone: (713) 286-7164
**Kimberly A. Lopez**
Florida Bar No.: 59215
Primary: klopez@bakerdonelson.com
Secondary: swohl@bakerdonelson.com
**Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.**
200 S. Orange Avenue, Suite 2050
Orlando, Florida 32801
Phone: (407) 367-5452
**ATTORNEYS FOR DEFENDANT NAVY FEDERAL CREDIT UNION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 6, 2026, a true and correct copy of the foregoing document was filed with the Clerk of the Court and served on all counsel of record via the Court's ECF E-Filing System.

*/s/ Amy E. Parette*
Amy E. Parette