UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CHRISTIAN MURAGE,<br><br>Plaintiff,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION and TRANS UNION, LLC,<br><br>Defendants. | CIVIL ACTION NO.<br><br>4:25-CV-01398-RWS |

PLAINTIFF'S AGREED MOTION TO AMEND THE DOCKET CONTROL ORDER

TO THE HONORABLE COURT:

Plaintiff Christian Murage ("Plaintiff") respectfully moves under Federal Rule of Civil Procedure 16(b)(4) to extend the deadlines for completion of discovery and filing dispositive motions. The parties have discussed and are in agreement that a 60-day extension would allow time not only for the two remaining depositions, but for further settlement discussions and mediation prior to the costs and expenses of preparing for trial. Defendants Trans Union, LLC ("Trans Union") and Navy Federal Credit Union ("Navy Federal") agree to the requested extension. Plaintiff would respectfully show the Court as follows:

## I. BACKGROUND

This action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. Plaintiff alleges that Defendants continued to report and verify a Navy Federal Credit Union account that did not belong to Plaintiff; rather, the account was opened by identity thieves. Plaintiff claims that Trans Union and Navy Federal Credit Union violated FCRA.

2. The Court entered a docket control order on March 5, 2026, with discovery to be completed by October 13, 2026.

3. The parties have been diligently pursuing discovery. Unfortunately, the Rule 30(b)(6) depositions for both Defendants were not able to be scheduled prior to the close of discovery. Navy Federal Credit Union's 30(b)(6) witness deposition is now set for November 19 and the parties are working to schedule Trans Union's witness around the same time.

4. Plaintiff, Trans Union, and Navy Federal have conferred and agree that extending these deadlines is appropriate and will promote the efficient and orderly resolution of the case. The requested extension is not sought for delay, but so the parties may complete necessary discovery, present any dispositive motions on a complete record, and engage in resolution efforts.

5. Plaintiff requests that the discovery deadline be extended from October 13, 2026 to December 12, 2026.

6. The parties request that the remaining dates on the Docket Control Order be correspondingly continued for 60 days, leaving the new dates as follows:

| | Original date | Requested continued date |
|---|---|---|
| | | |
| Discovery Deadline for limited purpose of 30(b)(6) depositions | October 13, 2026 | December 12, 2026 |
| Parties identify Trial witnesses; Amend Pleadings | October 27, 2026 | December 23, 2026 |
| Parties to Identify Rebuttal Trial Witnesses | November 3, 2026 | January 2, 2027 |
| Remaining Dispositive motions due as well as all motions requiring a hearing | November 10, 2026 | January 9, 2027 |
| Exchange PreTrial Disclosures | November 24, 2026 | January 23, 2027 |
| Exchange rebuttal designations and obj. to | December 8, 2026 | February 7, 2027 |

| | | |
|---|---|---|
| deposition testimony | | |
| Notice of Request for Daily Transcript or Real Time reporting of court proceedings due. | December 8, 2026 | February 7, 2027 |
| Exchange objections to rebuttal deposition testimony | December 15, 2026 | February 14, 2027 |
| File Joint Final Pretrial order, joint proposed jury instructions and form of verdict | December 22, 2026 | February 21, 2027 |
| File motions in Limine and pretrial objections | December 22, 2026 | February 21, 2027 |
| File responses to Motions in Limine | December 29, 2026 | February 28, 2027 |
| File Notice of Time requested for (1) Voir Dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments. | December 29, 2026 | February 28, 2027 |
| 10:00 a.m. Pretrial conference before Judge Robert W. Schroeder III. | January 5, 2027 | March 4, 2027 |
| 9:00 a.m. Jury Selection before Judge Robert W. Schroeder III | January 11, 2027 | March 8, 2027 |
| 9:00 a.m. Jury Trial before Judge Robert W. Schroeder III | January 11, 2027 | March 8, 2027 |

//

//

## II. ARGUMENT

7. A scheduling order may be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). Good cause exists because despite conversations beginning months ago, the depositions of the Defendant's corporate representatives were unable to be scheduled prior to November. These depositions are necessary to narrow issues for trial and allow the parties to evaluate the strength of their evidence and arguments for any dispositive motions and trial.

8. Further, the requested extension will provide the parties an opportunity to participate in mediation. The parties have agreed to mediate this matter and are working to set a mediation date within 60 days.

8. The requested extension is limited, supported by diligence, and will not unfairly prejudice any party. Trans Union and Navy Federal agree to the requested relief.

## III. PRAYER

For these reasons, Plaintiff respectfully requests that the Court grant this Motion, extend the deadlines as stated in the table by 60 days and grant all other relief to which Plaintiff may be entitled.

**Respectfully submitted,**

**By:**

Amy Beth Clark
Texas Bar No. 2404376
amy@cimentlawfirm.com
221 Bella Katy Drive
Katy, Texas 77494
Telephone: 210-294-9273
eService: cpfiling@cimentlawfirm.com

Daniel Ciment

Texas Bar No. 24042581
daniel@cimentlawfirm.com
4500 Mercantile Plaza Drive, Suite 300
Fort Worth, Texas 76137
Telephone: 833-663-3289
Attorneys For Plaintiff
Christian Murage

## CERTIFICATE OF CONFERENCE

I certify that on October 6-7 and 19-20, 2026. counsel for Plaintiff conferred with counsel for Trans Union, LLC and Navy Federal Credit Union regarding the relief requested in this Motion. Both Defendants agree to the requested extension.

____________________________
Amy Beth Clark

## CERTIFICATE OF SERVICE

I certify that on 10/21/2026, this document was filed electronically through the Court's CM/ECF system, which will provide notice to all counsel of record.

____________________________
Amy Beth Clark