**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| CHRISTIAN MURAGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-01398-RWS |
| | § | |
| NAVY FEDERAL CREDIT UNION and TRANSUNION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court are Defendant Trans Union LLC's Motion for Judgment on the Pleadings and Memorandum in Support (Docket No. 27), Defendant's Motion to Stay Action Pending Ruling on Its Motion for Judgment on the Pleadings (Docket No. 28) and Plaintiff Christian Murage's Motion for Leave to File Response to Defendant's Motion for Judgment on the Pleadings Out of Time (Docket No. 36). Following the filing of the motion for judgment on the pleadings, Plaintiff filed a Motion for Leave to File First Amended Complaint. Docket No. 32.

Plaintiff filed his original complaint on December 16, 2025 asserting claims of negligence and willful noncompliance with the Federal Credit Reporting Act and filed his motion for leave to amend in response to Trans Union's motion for judgment on the pleadings. Docket No. 1 at ¶¶ 35–52; Docket No. 32 at 1, 3. In his motion for leave to amend, Plaintiff seeks to clarify and add details to the factual allegations concerning the dispute. *Id.* at 2–3. Plaintiff represents these details were known to both Defendants when the complaint was filed and therefore would not unfairly prejudice Defendants. *Id.* Plaintiff also seeks to amend the complaint to include language of a dispute letter sent to Defendant TransUnion. *Id.* at 2. Trans Union also opposes this motion. *See Id.* (stating Defendant Trans Union did not consent to the filing of this motion).

Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." A court's discretion to grant leave is limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Absent a "substantial reason," then, "the discretion of the district court is not broad enough to permit denial." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (citation omitted).

Leave to amend is appropriate here. Plaintiff's first amended complaint clarifies and adds facts known to both Defendants prior to the filing of this complaint and does not add any new causes of action. *See* Docket No. 23. Navy Federal Credit Union recently answered the amended complaint. Docket No. 39. Trans Union did not file a response in opposition but, on October 5, 2026 filed a motion to dismiss the first amended complaint. *See* Docket No. 23 at 2, Docket No. 37. The Court will consider that motion (Docket No. 37) separately.

Therefore, Plaintiff's motion for leave to file its First Amended Complaint is **GRANTED.** Consequently, Defendant's pending motions (Docket Nos. 27, 28) and Plaintiff's other motion (Docket Nos. 36) are now moot. *See Ultravision Techs., LLC v. Eaton Corp. PLC*, Case No. 2:19-CV-00290-JRG, 2019 WL 11250161, at *1 (E.D. Tex. Nov. 8, 2019) (explaining that generally "the filing of an amended complaint moots a motion to dismiss the original complaint."). Accordingly, it is

**ORDERED** Plaintiff's motion (Docket No. 32) is **GRANTED**. It is further

**ORDERED** that Defendant's motions (Docket Nos. 27, 28) and Plaintiff's motion (Docket Nos. 36) are **DENIED-AS-MOOT**.

**So ORDERED and SIGNED this 23rd day of October, 2026.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE